UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

REGINA BURCH                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 4:13-cv-00142-GHD-JMV

MISSISSIPPI VALLEY STATE UNIVERSITY;
DR. CHANDROUTI PERSUAD; and
JOHN AND JANE DOES 1-10                                                    DEFENDANTS

MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT DR. CHANDROUTI PERSUAD'S
MOTION TO DISMISS FOR FAILURE TO SERVE PROCESS

Presently before the Court is a motion to dismiss [8] for failure to serve process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure filed by Defendant Dr. Chandrouti Persuad. Upon due consideration, the Court finds that the motion should be granted insofar as the claims against Defendant Dr. Chandrouti shall be dismissed for Plaintiff's failure to serve Defendant Dr. Chandrouti with process. However, the claims against Defendant Dr. Chandrouti shall be dismissed without prejudice.

On August 13, 2013, Plaintiff Regina Burch ("Plaintiff") filed her employment discrimination complaint [1] against Defendants Mississippi Valley State University and Dr. Chandrouti Persuad (collectively, "Defendants"). On October 18, 2013, the Clerk of Court issued summonses [2] to Defendants. On January 22, 2014, the Clerk of Court issued a notice of incomplete process [3] as to both Defendants. On February 24, 2014, the United States Magistrate Judge entered an Order [4] requiring Plaintiff to either "show cause why this case should not be dismissed for Plaintiff's failure to effectuate service of process within the time allowed under [Rule] 4(m) or submit to the district judge a proposed order dismissing this case."

1

*See* Ct.'s Order to Show Cause [4] at 1. On March 11, 2014, Plaintiff's counsel filed a response [5] to the Show Cause Order, informing the Court that she believed Plaintiff wished to pursue her case with other counsel and requesting an additional thirty days to have Defendants served and for Plaintiff to obtain other counsel. On that same day, the Magistrate Judge entered an Order [6] granting Plaintiff's counsel's request for a thirty-day extension to serve process and stating: "Plaintiff is warned that failure to complete service within the time frame set out herein may result in a dismissal without prejudice of this lawsuit." *See* Order [6]. On April 16, 2014, the summons issued to Defendant Mississippi Valley State University was returned executed [7]. On April 17, 2014, Defendant Dr. Chandrouti Persuad filed the present motion to dismiss [8] for failure to serve process. Plaintiff did not file a response to the motion. The motion is now ripe for review.

Dr. Persuad maintains in her motion to dismiss that although Plaintiff responded to the Magistrate Judge's Show Cause Order, Plaintiff's response did not assert any basis for Plaintiff's failure to effectuate process against Defendants within 120 days, and that the Court's grant of an additional thirty-day period to serve process ran on April 11, 2014. Dr. Persuad further maintains that Plaintiff failed to effectuate service of process on Dr. Persuad during that thirty-day period, and has not served process on Dr. Persuad at any point subsequent. Dr. Persuad contends that it has been more than 247 days since the complaint was filed and 181 days since the summons was issued, and that despite Plaintiff's failure to serve Dr. Persuad with process, Plaintiff has not sought additional time in which to effectuate service on Dr. Persuad, nor has she provided any cause for her failure to effectuate service. For these reasons, Dr. Persuad requests dismissal of the claims asserted against her with prejudice.

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam).[1] Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and complaint on defendants "within 120 days after the complaint is filed." Pursuant to Rule 4(m), if the plaintiff fails to serve process on a defendant within those 120 days, the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Under Rule 4(m), if the plaintiff can show good cause for her failure to serve process within 120 days, the Court must extend her time for service of process.

"The party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn*, 470 F. App'x at 323 (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). Because Dr. Persuad files her Rule 12(b)(5) motion challenging Plaintiff's service of process on her, the burden is on Plaintiff to prove either that she validly served Dr. Persuad with process or that she had good cause for failing to properly serve Dr. Persuad. *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (in turn citing FED. R. CIV. P. 4(m)). The Magistrate Judge has given Plaintiff ample opportunity to effectuate process on Dr. Persuad or to explain her failure to do so, and the Magistrate Judge has also warned Plaintiff that failure to comply with the Order would result in dismissal of her case. However, Plaintiff has not effectuated process on Dr. Persuad, explained her failure to do so, or filed a response to Dr. Persuad's motion to dismiss.

---

[1] The Fifth Circuit has explained: "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 1998)).

3

For all of the foregoing reasons, the Court finds that Dr. Persuad's motion to dismiss [8] for failure to serve process shall be GRANTED IN PART AND DENIED IN PART, in that all claims against Dr. Persuad shall be DISMISSED, but WITHOUT PREJUDICE.

The claims against Mississippi Valley University remain viable.

A separate order in accordance with this opinion shall issue this day.

THIS, the 15th day of May, 2014.

_____
SENIOR JUDGE